

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*



FILED
FEB 28 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D C 20530*

February 7, 2008

By Facsimile (202-654-5665) and U.S. Mail
Roscoe C. Howard, Jr., Esq.
Troutman Sanders, LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004-2134

CR 08-32

    Re:    United States v. William Dulany, CR 07-673-M-01.

Dear Mr. Howard:

    This letter sets forth the full and complete plea offer to your client, William Dulany, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on February 15, 2008. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

    1.    Your client agrees to waive indictment and permit the government to file a two-count information, with Count One charging him with Traveling Interstate to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b) and Count Two charging him with Enticing a Child or Minor under 22 D.C. Code § 3010. Your client agrees to plead guilty to Count Two of the Information, which sets forth the charge of Enticing a Child or Minor under 22 D.C. Code § 3010.

    2.    Your client understands that a violation of 22 D.C. Code § 3010, the charge of Enticing a Child or Minor, carries a maximum penalty of not more than 5 years imprisonment, a fine in an amount not to exceed $50,000, or both. Your client further understands that, pursuant to 22 D.C. Code § 4001 et seq., he must register as a sexual offender as a condition of supervised release, and his failure to do so is punishable as a federal offense.

    3.    In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for any other conduct set forth in the attached

Statement of Offense. In addition, at the time of sentencing, the Government will move to dismiss Count One of the Information against your client. Your client agrees that, with respect to any and all dismissed charges, your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Factual Stipulations

4.  Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Court Not Bound by the Plea Agreement

5.  It is understood that, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact, or other sentencing issues.

### Release/Detention

6.  Your client acknowledges that, while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

### Sentencing Guidelines

7.  It is understood that the sentence to be imposed upon your client is determined solely by the Court. The United States Sentencing Guidelines do not apply to the offense to which your client will plea. However, your client understands that the Court may utilize the District of Columbia Sentencing Commission's voluntary sentencing guidelines ("voluntary sentencing guidelines") in imposing the sentence in this case. It is understood that the voluntary sentencing guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense(s) authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable voluntary sentencing guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the voluntary sentencing guidelines range.

8.  The parties agree that, under the voluntary sentencing guidelines, neither a

downward or upward departure from the applicable sentencing guideline range is warranted. Accordingly, neither party will seek such a departure, nor will either party suggest that the Court consider such a departure. Based on the government's calculations and assuming that your client has an applicable criminal history score placing him in Column "A" of the guidelines' Master Grid and the charge of Enticing a Child or Minor (22 D.C. Code § 3010) is classified as Master Group "8" on the guidelines' Master Grid, the voluntary sentencing guidelines for your client are 6-24 months with a sentence of prison, short split or probation permissible.

9. Your client further understands that any applicable voluntary sentencing guidelines range may not be determined by the Court until the time of sentencing. The parties further agree that a sentence within the applicable voluntary sentencing guidelines range, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence.

**Forfeiture/Waiver of Ownership**

10. Your client specifically agrees not to contest the administrative or civil forfeiture, or other disposition proceedings, of his 1) 2005 Honda Civic, bearing VIN 2HGES25785H589854; 2) Magellan Maestro GPS, bearing serial #0719404515286; and 3) Samsung SCH-A950 cellular phone, bearing serial #02801068797; if such administrative or civil forfeiture or other disposition proceedings are initiated by law enforcement against the vehicle.

11. Your client warrants that your client is the sole owner of the property listed above, and agrees to hold the United States, its agents and employees, and the Metropolitan Police Department, harmless from any claims whatsoever in connection with the seizure, forfeiture, or other disposition proceedings, of property covered by this Plea Agreement.

12. Your client further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, or other disposition proceedings, whether criminal or civil, state or federal. Your client agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case and your client waives any failure by the Court to advise your client of this, pursuant to Rule 11(b)(1)(J), at the time your client's guilty plea is accepted. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the attached Consent to Forfeiture and Waiver of Ownership of Property agreements.

13. Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by

the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Your client acknowledges that all property covered by this Plea Agreement is subject to forfeiture as: (1) property facilitating illegal conduct; or (2) property involved in illegal conduct giving rise to forfeiture.

**Breach of Agreement**

14. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

15. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

16. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

17. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

18.    It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of DNA Testing

19.    By entering this plea of guilty, your client waives any and all right your client may have to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Waiver of Rights

20.    In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.

### Complete Agreement

21.    No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

22.    Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

Jeffrey A. Taylor
United States Attorney

By: Opher Shweiki
Opher Shweiki
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Roscoe Howard, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 2/19/08

William Dulany
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 2/19/08

Roscoe Howard, Esquire
Attorney for the Defendant