UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 08-CR-32 (TFH) |
| | : | |
| v. | : | |
| | : | |
| **WILLIAM DULANY,** | : | VIOLATIONS: 18 U.S.C. § 2423(b) |
| **Defendant** | : | (Travel with Intent to Engage in Illicit |
| | : | Sexual Conduct); 22 D.C. Code § 3010(b) |
| | : | (Enticing a Child) |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the Court sentence the defendant, William Dulany, to a six month term – which is at the low end of the applicable guideline range – with such a sentence to include a period of incarceration. In addition, the government recommends that the Court impose the special conditions of supervised release set forth in paragraph 46 of the Presentence Investigation Report to help ensure the safety of the community upon the defendant's release following such incarceration. In support thereof, the United States respectfully states the following:

**Background**

1.      The defendant's actions pertaining to this plea agreement are set forth in the proffer of evidence signed by the defendant on February 19, 2008, and accepted by the defendant in court on February 28, 2008.

2.      In summary, on December 20, 2007, at approximately 5:14 p.m., within the District of Columbia, a law enforcement cooperating witness engaged in an America Online instant message chat with the defendant, who has a date of birth of November 5, 1982, and was

using the screen name, "MDTeenTop." The cooperating witness engaged in this chat while acting in an undercover capacity and in the presence of Metropolitan Police Department detectives and Federal Bureau of Investigation agents.

3. During this chat, the cooperating witness asked the defendant, "what's up" and informed the defendant that his boyfriend was out of town. The cooperating witness also informed the defendant that he has been having fun since his boyfriend left. The defendant asked the cooperating witness, "whatd u get." The cooperating witness responded, "kid that just turned 14," and the defendant stated, "nice."

4. The defendant asked the cooperating witness to describe the 14 year-old. The cooperating witness then described the 14 year-old male as "barely 14, really smooth bod, white, perfect soccer build, like lil shorter than me, blond, blue." The defendant asked the cooperating witness if he, "fucked him," and the cooperating witness said that he did. The defendant told the cooperating witness that he was going to dinner with a friend in the "ashburn reston area tonight," "would have some time after," and was "trying to find something." The cooperating witness told the defendant that "the only one I know around is the 14 [year-old child]."

5. The defendant and the cooperating witness then made arrangements to meet at a hotel later that day in Washington, D.C., so that the defendant could have sexual contact with the 14 year-old child. The defendant stated that "I'll be there" and explained "as long as he's smooth and wants dick in his ass." The defendant also sent a picture of himself to the cooperating witness so the cooperating witness could show it to the 14 year-old child. In addition, the defendant asked the cooperating witness if he should bring condoms, and the cooperating witness stated, "he'll let u go bare but its up to you." The defendant responded, "fuck . . . now im dripping," "I wanna see this kid!," and "im so stoked."

6. Later that day, at approximately 7:21 p.m., the cooperating witness exchanged cellular text messages with the defendant and confirmed that the 14 year-old child was available. The defendant stated that he would meet the cooperating witness at the hotel after he ate dinner. At approximately 10:22 p.m., the defendant was arrested inside of the doorway at the Days Inn Hotel, located at 4400 Connecticut Avenue, N.W., Washington, D.C., which was the pre-arranged hotel.

7. Following his arrest, the defendant provided a videotaped statement to a Metropolitan Police Department detective. In this statement, the defendant confirmed that he uses the screen name, "MDTeenTop," and, after reading the instant message chat log of his earlier chat with the cooperating witness, the defendant acknowledged that the chat log was true and accurate. The defendant also acknowledged traveling that evening from Sterling, Virginia, to the Days Inn Hotel, located in the District of Columbia.

**Statutory Penalties**

8. Pursuant to D.C. Code § 3010(b), the defendant faces a maximum penalty of 5 years imprisonment, a fine of up to $50,000, or both. See PSR ¶¶ 41, 51.

**Sentencing Guidelines**

9. The Federal Sentencing Guidelines are not applicable because the defendant pled guilty to a violation of the District of Columbia Code. The District of Columbia Voluntary Sentencing Guidelines are applicable to this felony offense and provide for a sentence of 6-24 months, with a sentence of prison, short split or probation permissible. See PSR ¶ 42.

**Sentencing Recommendation**

10. The government recommends that the Court impose a six month sentence – which is at the low end of the applicable guideline range – with such sentence to include a period of incarceration.

11. In this case, the defendant engaged in very serious criminal conduct when he actively pursued a sexual relationship with a 14-year old child. As described in the agreed-upon proffer of evidence, the defendant explained to the cooperating witness during their December 20, 2007 on-line chat that he was "trying to find something" and was eager to have sex with the 14 year-old child, which the cooperating witness described, in part, as "barely 14, really smooth bod." Indeed, the defendant used graphic language to describe just how eager he was to have sex with this minor.

12. Especially troubling is that the Psychosexual Evaluation Report, which was submitted in conjunction with the Defendant's Sentencing Memorandum, states the defendant "found adolescent males between 14 and 17 years of age sexually arousing" and pursued the sexual relationship with the 14-year old child in this case even though he "has always known that it was wrong . . . to engage a minor in sex." Psychosexual Evaluation Report, at page 14-15.

13. Despite the seriousness of the defendant's conduct in this case and prior proclivity towards such deviance, however, the government recognizes that the defendant accepted early responsibility for his actions; has no noted criminal history; has apparently demonstrated a strong desire to pursue treatment to address his sexual deviance; and taken efforts to maintain a stable and productive life in the community, including the pursuit of employment opportunities. See PSR ¶¶ 15, 19, 36; Psychosexual Evaluation Report at pages 17-18.

14.     Accordingly, although the government believes that a period of incarceration is necessary and appropriate to reflect the seriousness of this offense involving the attempted sexual enticement of a minor, and to deter others who would attempted to engage in similar conduct, the government believes that the term of such incarceration should be limited to the low end of the applicable guideline range given the defendant's efforts to address his treatment needs and live a stable and productive life in the community.

15.     In addition to this period of incarceration, the government further recommends that, to help ensure the safety of the community while on supervised release, the Court impose the special conditions set forth in paragraph 46 of the Presentence Investigation Report, to include a "restriction on direct, or indirect, contact with children, age 18 or younger" and a restriction on "loitering in any place where children congregate, including but not limited to residences, arcades, parks, playgrounds, and schools."

## Conclusion

WHEREFORE, based upon the above, and the information reflected in the Presentence Report, the United States recommends that the Court impose a six month sentence – which is at the low end of the applicable guideline range – with such sentence to include a period of incarceration. In addition, the government recommends that the Court impose the special conditions of supervised release set forth in paragraph 46 of the Presentence Investigation Report to help ensure the safety of the community upon the defendant's release following such incarceration.

Respectfully,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____/s/_____
OPHER SHWEIKI
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar Number 458776
United States Attorney's Office
555 Fourth Street, N.W., Room 4233
Washington, D.C. 20530
Phone: (202) 514-8822
Opher.Shweiki@usdoj.gov